Date signed August 10, 2007



PAUL MANNES
U. S. BANKRUPTCY JUDGE

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| RONDA LYNN SHARMAN | : | Case No. 07-11010PM |
| | : | Chapter 7 |
| Debtor | : | |
| -------------------------------- | : | |
| WACHOVIA SMALL BUSINESS CAPITAL | : | |
| Plaintiff | : | |
| vs. | : | Adversary No. 07-0350PM |
| | : | |
| RONDA LYNN SHARMAN | : | |
| MORGAN HEALTH MANAGEMENT INC. | : | |
| LIFE CARE CHIROPRACTIC AND WELLNESS CENTER, LLC | : | |
| SHARMAN, INC. | : | |
| Defendants | : | |
| -------------------------------- | : | |

### MEMORANDUM OF DECISION

Following the Pre-Trial Conference, this court entered an Order directing the Plaintiff to show cause why various counts of the Complaint should not be dismissed for want of jurisdiction. After careful consideration of the response, the court finds that it must dismiss without prejudice Counts VII and IX for lack of jurisdiction.

The two counts are independent causes of action filed against a Maryland corporation whose charter was forfeited in 2001 and a Virginia corporation authorized to do business in

Maryland. Plaintiff alleges that the individual Debtor owns all the equity in these entities, but neither of them are debtors in this court so as to enable the court to exercise jurisdiction over them. Insofar as the claims sound in the nature of a fraudulent conveyance claim, turnover, or a successor liability claim, creditors such as the Plaintiff lack standing to bring state law claims similar in purpose and object to a bankruptcy trustee's potential fraudulent conveyance claim. *Nat'l Am. Ins. Co. v. Ruppert Landscaping*, 187 F.3d 439, 441 (CA4 1999); *Delgado Oil Co. v. Torres*, 785 F.2d 857 (CA10 1986).

Count VIII seeks substantive consolidation of the Defendant, Life Care Chiropractic and Wellness Center, LLC, with this bankruptcy estate. While cases approving substantive consolidation of individuals with corporations are few and far between, a handful of plaintiffs have succeeded in this quest. *Cf. In re Ford*, 54 B.R. 145 (BC W.D. Mo. 1984).

Finally, while Counts IV, V and VI may be stated as simple proofs of claim and acquire the status accorded by Bankruptcy Rule 3001(f), nothing prevents the Plaintiff from assuming the burden of proof by including these in this adversary proceeding.

An appropriate order will be entered.

cc:
Ronda L. Sharman, 12005 Sandy Knoll Place, Hughesville, MD 20637-2141
John C. Schropp, Esq., Coon & Cole LLC, 305 W. Chesapeake Ave, #105, Towson MD 21204
F. Thomas Rafferty/Matthew T. Vocci, Ober Kaler Grimes & Shriver
    120 E. Baltimore Street, Baltimore, MD 21202
Morgan Health Management, Inc., t/a Life Care Center for Health & Wellness
    (1) One Post Office Road, Suite 102, Waldorf, MD 20602
    (2) Resident Agent, Curtis C. Coon, Esq., 305 W. Chesapeake Ave, #305, Towson MD 21204
Life Care Chiropractic and Wellness Center, LLC
    (1) One Post Office Road, Suite 102, Waldorf, MD 20602
    (2) Resident Agent, Curtis C. Coon, Esq., 305 W. Chesapeake Ave, #305, Towson MD 21204
Sharman, Inc.
    (1) 12601 Sturdee Drive, Upper Marlboro, MD 20772
    (2) Resident Agent, Ronda Sharman, 12005 Sandy Knoll Pl, Hughesville MD 20637

**End of Memorandum**